UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEWALBANY DIVISION
*ELECTRONICALLY FILED*

| | |
|---|---|
| BRITTANY JONES | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| V | ) CASE NO. 4:20-CV-254 |
| | ) |
| MISTER "P" EXPRESS, INC. | ) |
| 801 Trey Street | ) |
| Jeffersonville, IN 47130 | ) |
| | ) |
| DEFENDANT | ) |
| | ) |
| SERVE:   Allan Parnell | ) |
| 11452 Hwy. 62E | ) |
| Jeffersonville, IN 47130 | ) |

## COMPLAINT

### PARTIES

1. Plaintiff Brittany Jones is an individual and former employee of Mister "P" Express, Inc.

2. Mister "P" Express, Inc. ("Mister P") is a corporation organized under the laws of the state of Indiana and doing business in Indiana.

### JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, which provides for original district court jurisdiction over cases presenting questions of federal law under Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e *et. seq*. This District has venue pursuant to 42 U.S.C. Section 2000e-5(f). The jurisdiction of this Court is invoked to secure protection

and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination.

4. Jurisdiction over any state law claims is conferred upon this Court by 28 U.S.C. § 1367, which provides supplemental jurisdiction over state law claims so related to federal law claims that one case or controversy exists for Article III purposes.

5. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, New Albany Division. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

6. Plaintiff exhausted her administrative remedies by timely filing a charge of discrimination against Defendant with the EEOC alleging discrimination on the basis of sex.

7. Plaintiff received her Notice of Suit Rights and brings this original action within ninety (90) days of receipt.

## FACTUAL BACKGROUND

8. Brittany Jones began working for Mister P on April 3, 2019.

9. That summer, Jones suffered pregnancy complications and ultimately a miscarriage.

10. On October 1, 2019, Plaintiff notified Defendant that she was pregnant again, and also advised that she would require an obstetrical procedure designed to preserve this pregnancy. On October 16, 2019, Plaintiff presented Mister P with a doctor's note requesting time off for the procedure on October 23.

11. On October 28, 2019, Plaintiff requested and was approved to take time off from November 22 to December 2 for the Thanksgiving holiday.

12. While visiting family in Chicago, Plaintiff was hospitalized with pregnancy complications.

13. On November 25, Jones advised Defendant that she was scheduled to have another obstetric procedure the next day, and that doctors had advised her that she may require bedrest to maintain the pregnancy.

14. On December 2, Plaintiff's doctors released her to return to work up to 8 hours per day, 5 days per week with a 30 lb. lifting restriction. Plaintiff advised Deanna Higdon, Director of Human Resources, that she was clear to return to work on December 3 with those restrictions.

15. Higdon told Plaintiff that Defendant would not accommodate her restrictions.

16. Plaintiff asked Higdon if she could keep her health insurance, and Higdon advised Plaintiff that she would receive information about her insurance with her separation paperwork.

17. On December 3, Mister P's HR administrator sent Plaintiff a letter advising her of her COBRA options "as a result of your separation of employment with Mr. P Express."

18. Upon learning of her termination, Plaintiff and her husband decided to spend the holidays with family in Louisiana. They left town on December 4, and returned January 3, 2020.

19. Upon her return, Plaintiff received a letter from Defendant dated December 13, in which Higdon claimed that Plaintiff was terminated on December 13 for failing to come to work. The letter also falsely claimed that Higdon had called Plaintiff several times to discuss her pregnancy accommodations.

## COUNT I
### *Sex Discrimination*

20. Brittany Jones is a member of a protected class.

21. Defendant Mister P, by and through its agents and employees, discriminated against Jones in the terms, conditions, and privileges of employment, in substantial part because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.* and the Indiana Civil Rights Law, IC 22-9-1 *et seq.*

22. Jones suffered adverse employment actions as a result of this discrimination, including but not limited to, termination.

23. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by state and federal laws.

24. As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

## COUNT II
### *Pregnancy Discrimination*

25. At the time of her termination, Jones was pregnant and her employer knew she was pregnant.

26. Plaintiff was able to perform her job duties with reasonable accommodation while she was pregnant.

27. Jones suffered adverse employment actions as a result of her pregnancy, including but not limited to, termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.* and the Indiana Civil Rights Law, IC 22-9-1 *et seq.*

28. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by state and federal laws.

29. As a direct and proximate result of the aforementioned conduct, the Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

## COUNT III
### *Disability Discrimination*

30. Plaintiff is a qualified individual who has, or is regarded as having, a disability within the meaning of the Americans with Disabilities Act 42 U.S.C. 12101 et seq., the Rehabilitation Act of 1973 (29 U.S.C. §§ 701-718), and equivalent provisions of the Indiana Code.

31. Plaintiff was otherwise qualified to continue her employment with Mister "P".

32. Mister "P", without attempting to reasonably accommodate any disability Plaintiff may have had, failed to provide reasonable accommodations to Plaintiff, as required by state and federal law.

33. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by state and federal laws.

34. As a direct and proximate result of the aforementioned conduct, the Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

## COUNT IV
### *Retaliation*

35. Plaintiff engaged in protected conduct when she reported her pregnancy and requested accommodations.

36. Defendant retaliated against Plaintiff for her request for pregnancy accommodations.

37. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by state and federal laws.

38. As a direct and proximate result of the aforementioned conduct, the Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

**WHEREFORE**, the Plaintiff respectfully prays as follows:

A. Judgment against Defendant for compensatory and punitive damages, in a fair and reasonable amount to be determined by the evidence; Equitable relief, including reinstatement with back and front pay and benefits;

B. Trial by jury of all issues triable;

C. For her costs incurred herein;

D. Attorney fees to the extent permitted by law; and,

E. For any and all other relief allowed under the law.

Respectfully submitted,

/s/ *Laura E. Landenwich*
Laura E. Landenwich, #27709-22
ADAMS LANDENWICH WALTON, PLLC
517 West Ormsby Avenue
Louisville, KY  40203
(502) 561-0085
laura@justiceky.com
*Counsel for Plaintiff, Brittany Jones*