UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BRITTANY JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:20-cv-00254-JMS-DML |
| | ) |
| MISTER "P" EXPRESS, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Brittany Jones is a former employee of Defendant Mister "P" Express, Inc. ("Mister P"). After suffering pregnancy-related complications and requesting an accommodation, she was terminated. She initiated this action of December 21, 2020, alleging state and federal discrimination claims based on sex, pregnancy, and disability, as well as a retaliation claim, against Mister P. Mister P has filed a Partial Motion to Dismiss, [Filing No. 12], which is now ripe for the Court's consideration.

**I.**
**STANDARD OF REVIEW**

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

1

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The following are the factual allegations set forth in the Complaint, which the Court must accept as true at this time:

Ms. Jones worked for Mister P starting on April 3, 2019. [Filing No. 1 at 2.] During the summer of 2019, Ms. Jones experienced pregnancy complications followed by a miscarriage. [Filing No. 1 at 2.] On October 1, 2019, Ms. Jones notified Mister P of another pregnancy, and on October 16, 2019, she provided Mister P with a doctor's note requesting time off for a procedure scheduled for October 23, 2019 that would maintain her pregnancy. [Filing No. 1 at 2.] Over the Thanksgiving holiday, Ms. Jones was hospitalized for pregnancy complications and notified Mister P that she would need another procedure and might need bedrest to maintain the pregnancy. [Filing No. 1 at 2-3.] On the last day of her holiday vacation, December 2, 2019, Ms. Jones's doctor released her to work for up to 8 hours a day for 5 days a week, but imposed a 30-pound lifting restriction. [Filing No. 1 at 3.]

 Ms. Jones notified Mister P's Director of Human Resources, Deanna Higdon, that she was cleared for work with the lifting restriction, but Ms. Higdon told Ms. Jones that Mister P would not accommodate the restriction. [Filing No. 1 at 3.] Ms. Jones asked Ms. Higdon if she could

keep her health insurance, and Ms. Higdon told her that she would receive that information with her separation paperwork. [Filing No. 1 at 3.] On December 3, 2019, Mister P's Human Resources Administrator sent Ms. Jones a letter advising her of her health insurance options "as a result of your separation of employment with Mr. P Express." [Filing No. 1 at 3.]

Since she was no longer employed at Mister P, Ms. Jones and her husband spent a month out of town with family. [Filing No. 1 at 3.] When they returned, Ms. Jones had received a letter from Ms. Higdon dated December 13, 2019 that claimed that Ms. Jones was terminated for failing to come to work. [Filing No. 1 at 3.] The letter also falsely claimed that Ms. Higdon had called Ms. Jones several times to discuss pregnancy accommodations. [Filing No. 1 at 3.]

On March 3, 2020, Ms. Jones timely filed a Charge of Discrimination ("EEOC Charge") with the Indiana Civil Rights Commission. [Filing No. 13-1.] In the EEOC Charge, Ms. Jones stated:

> I was employed as a Team Driver by Mister P Express from on or about April 8, 2019 through on or about December 2, 2019. After my approved leave ended on or about December 2, 2019 and I was to return to work on or about December 3, 2019, I informed my employer of my doctors note with restrictions but was able to do the essential functions of my job. I was treated differently and unfairly by Deana Higdon, Human Resources, because of my sex-pregnancy, by being terminated immediately before reviewing my restrictions. On or about December 3, I received a letter from the company insurance stating my coverage would end effective on or about December 31, 2019. On or about December 6, 2019, I received a letter from Ms. Higdon containing false information of events that had allegedly taken place from on or about November 23, 2019 through on or about December 6, 2019.
>
> No reason was given for the different and unfair treatment. Regarding my termination, I was told that the company does not accommodate limited or light duty.

> I believe I have been discriminated against because of my Sex-pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended.[1]

[Filing No. 13-1 at 2-3.] In the EEOC Charge, Ms. Jones only checked the box "sex" for the basis of the discrimination. [Filing No. 13-1 at 2.]

Ms. Jones initiated this litigation on December 21, 2020, setting forth claims for: (1) sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Indiana Civil Rights Law, Ind. Code § 22-9-1-1, *et seq.* ("ICRL"); (2) pregnancy discrimination under Title VII and the ICRL; (3) disability discrimination under the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Rehabilitation Act of 1973, 29 U.S.C. § 701-718 ("Rehabilitation Act"), and the ICRL; and (4) retaliation for requesting accommodations for her pregnancy under "state and federal laws." [Filing No. 1 at 3-6.] She seeks compensatory and punitive damages, reinstatement, back and front pay, benefits, and fees and expenses. [Filing No. 1 at 6.]

## III.
### DISCUSSION

Mister P has moved to dismiss all of Ms. Jones's claims under the ICRL and her ADA, Rehabilitation Act, and federal retaliation claims. [Filing No. 12.] It does not seek dismissal of Ms. Jones's sex discrimination and pregnancy discrimination claims under Title VII.

---

[1] When reviewing a motion to dismiss, the Court considers only factual allegations of the complaint and any reasonable inferences; however, the Court may also consider any documents that are referred to and central to the plaintiff's claims. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014). Here, the EEOC Charge is mentioned in the Complaint, [Filing No. 1 at 2], is attached to the Partial Motion to Dismiss, [Filing No. 13-1], and is central to Ms. Jones's claims. Consequently, the Court may consider the EEOC Charge in connection with Mister P's Partial Motion to Dismiss.

### A. ICRL Claims

Ms. Jones sets forth claims for discrimination based on sex, pregnancy, and disability, and a claim for retaliation under the ICRL.[2] [Filing No. 1 at 5-6.] Mister P moves to dismiss all of Ms. Jones's ICRL claims for failure to exhaust her administrative remedies. [Filing No. 13 at 3.] Ms. Jones concedes that her ICRL claims "were not properly preserved and should be dismissed." [Filing No. 18 at 1.]

Accordingly, based on Ms. Jones's concession, Mister P's Partial Motion to Dismiss Ms. Jones's ICRL claims is **GRANTED**.

### B. Federal Claims

*1. Disability Discrimination Claim under the Rehabilitation Act (Count III)*

In support of its Partial Motion to Dismiss, Mister P argues that Ms. Jones's discrimination claim under the Rehabilitation Act fails because she does not sufficiently allege that Mister P is subject to the Rehabilitation Act due to receiving federal grants or participating in federal programs. [Filing No. 13 at 9.]

In response, Ms. Jones argues that whether the Rehabilitation Act applies "is a matter that [she] intends to explore in discovery." [Filing No. 18 at 6.]

In its reply, Mister P reiterates its argument that the Rehabilitation Act claim is speculative. [Filing No. 20 at 5-6.]

A discrimination claim under the Rehabilitation Act of 1973 requires the same showing as a discrimination claim under the ADA, except that the plaintiff must make "the additional showing

---

[2] Ms. Jones specifically notes that Counts I and II are brought pursuant to Title VII and the ICRL. [Filing No. 1 at 3-5.] For Counts III and IV, however, she refers generally to "equivalent provisions of the Indiana Code" and to her rights "protected by state…laws." [Filing No. 1 at 5-6.] The Court infers that Ms. Jones's general references to Indiana Code provisions and state laws mean the ICRL. *See* Ind. Code § 22-9-1-2(a)-(b).

that she was involved in a program which received federal financial assistance." *Jackson v. City of Chicago*, 414 F.3d 806, 810 n. 2 (7th Cir. 2005) (citing *Silk v. City of Chicago*, 194 F.3d 788, 798 n. 6 (7th Cir.1999)). Ms. Jones's disability claims under the ADA and the Rehabilitation Act are identical. [Filing No. 1 at 5.] Since her allegations do not include any factual matter suggesting that Mister P was receiving federal financial assistance, her disability discrimination claim under the Rehabilitation Act fails as a matter of law and the Court **GRANTS** Defendants' Partial Motion to Dismiss on that claim.

    2. *Disability Discrimination Claim under the ADA (Count III)*

Mister P argues that Ms. Jones's disability discrimination claim under the ADA fails because she did not exhaust her administrative remedies as to that claim and because she has failed to set forth adequate allegations. The Court addresses each argument in turn.

    a. Exhaustion of Administrative Remedies

Mister P argues that Ms. Jones failed to exhaust her administrative remedies for her disability discrimination claim under the ADA because her EEOC Charge did not indicate that she was claiming discrimination based on a disability and "[p]regnancy does not qualify as a disability under the ADA." [Filing No. 13 at 6-7.]

In her response, Ms. Jones argues that all of her claims arise out of the same facts, so the EEOC had an opportunity to investigate all of them. [Filing No. 18 at 3-4.] Specifically, Ms. Jones cites to Mister P's response to the EEOC Charge as support that disability is reasonably indicated, in which it stated:

> The term "accommodate" is often used in the context of a claim arising under the Americans with Disabilities Act, as amended ("ADA"). Under the ADA, an employer is required to provide reasonable accommodations to qualified individuals if the accommodation would permit them to perform the essential functions of their job. 42 U.S.C. § 12112(b)(5)(A). However, Ms. Jones has not asserted a claim for disability discrimination, nor does she claim that she suffers

>from a disability. Even so, Mister "P" notes Ms. Jones' use of the term "accommodate" and, to the extent Ms. Jones would seek to assert such a claim under the ADA, notes that the claim would necessarily fail for the reasons discusses in Subsection II(B) herein.

[Filing No. 18 at 2.]

In its reply, Mister P argues that the EEOC Charge only implicated pregnancy discrimination and not disability discrimination because Ms. Jones made no mention of medical complications and because "accommodation" fails to implicate disability. [Filing No. 20 at 3.] Mister P argues that its statement in its response to Ms. Jones's EEOC Charge did not recognize that Ms. Jones was asserting a disability claim; rather, it preemptively recognized that she may potentially make an amendment to include one. [Filing No. 20 at 3.]

In the context of employment discrimination specifically, the Seventh Circuit has held that a complaint may only include a claim not brought in an EEOC charge if the claim is "reasonably related" to the charges set forth in the EEOC Charge. *Delgado v. Merit Systems Protection Board,* 880 F.3d 913, 926 (7th Cir. 2018) (citation and quotation omitted). A claim not explicitly raised in the EEOC Charge is reasonably related if it "reasonably could have developed from the EEOC's investigation of the charges before it, meaning that the EEOC Charge and the complaint must describe the same conduct and implicate the same individuals." *Id.* (quotation and citation omitted)*; see also Ford v. Marion Cty. Sheriff's Office*, 942 F.3d 839, 957 n.11 (7th Cir. 2019). The Seventh Circuit has recognized a broad application of this standard because "most EEOC complaints are completed by laypersons," *Taylor v. Western and Southern Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir. 1992), "who are ignorant of or unable to thoroughly describe the discriminatory practices to which they are subjected…." *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 168 (7th Cir. 1976). A failure to check the appropriate box on the EEOC form

7

is not enough to exclude the claim if the charge sufficiently describes the discriminatory conduct. *Id.*

Mister P argues that "[p]regnancy does not qualify as a disability under the ADA," [Filing No. 13 at 7], but the EEOC's definition of disability includes "[a]ny physiological disorder or condition…affecting one or more body systems, such as…[the] reproductive [system]." 29 CFR Pt. 1630.2(h)(1). Further, the case relied upon by Mister P for this argument, *Serednyj v. Beverly Healthcare, LLC*, 656 F.3d 540 (7th Cir. 2011), does not support the general proposition that pregnancy is not a disability under the ADA. In that case, the court found that pregnancy-related complications were evidence of a physiological disorder of the reproductive system, and could be considered a disability under the ADA. *Id.* at 553.

Additionally, the Court rejects Mister P's assertion that a disability discrimination claim is not reasonably indicated in the EEOC Charge. While Ms. Jones only checks the box for "sex" on the EEOC Charge form despite there being a box for "disability," her narrative describes a singular event with the same facts and implicates the same individual: Ms. Jones requested accommodations, Ms. Higdon denied them, and Ms. Jones was immediately terminated. [Filing No. 13-1 at 2.] The Court finds that Ms. Jones's EEOC Charge sufficiently described a claim for disability discrimination under the ADA.

b. <u>Sufficiency of ADA Discrimination Allegations</u>

Mister P argues in support of its Partial Motion to Dismiss that Ms. Jones must specify her disability to provide sufficient fair notice, and has not done so. [Filing No. 13 at 8.] It contends that Ms. Jones has simply provided conclusory statements that she is a "qualified individual" and can perform the essential functions of her job. [Filing No. 13 at 8.]

In her response, Ms. Jones argues that she alleged that she notified Mister P of her restrictions, and that Mister P refused to accommodate her or engage in the interactive process to assess her request. [Filing No. 18 at 5.]

Mister P does not address the sufficiency of Ms. Jones's ADA discrimination allegations in its reply. [*See* Filing No. 20.]

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "The ADA then defines 'discriminate against a qualified individual on the basis of disability' to include disparate treatment and failure to accommodate: 'not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee.'" *Scheidler v. Indiana*, 914 F.3d 535. 541 (7th Cir. 2019) (emphasis omitted) (quoting 42 U.S.C. § 12112(b)(5)(A)). Disability discrimination claims typically fall under two theories: (1) failure to provide reasonable accommodations and (2) disparate treatment. 42 U.S.C. § 12112. Ms. Jones's Complaint specifically alleges both failure to accommodate and disparate treatment claims. [Filing No. 1 at 5.] The Court considers whether she has adequately alleged each type of claim.

      *i.*  *Failure to Accommodate*

To establish a failure to accommodate claim under the ADA, a plaintiff must show that: "(1) she is a qualified individual with a disability; (2) the defendant was aware of her disability; and (3) the defendant failed to reasonably accommodate her disability." *Gratzl v. Office of Chief Judges of 12th, 18th, 19th, and 22nd Judicial Circuits*, 601 F.3d 674, 678 (7th 2010) (quotation and citation omitted). A "qualified individual" is an individual who "has a disability, or more

9

specifically,… has a physical or mental impairment that substantially limits one or more of [her] major life activities." *Id.* (quotation and citation omitted). Determining whether a person has a disability is "a fact-based inquiry and determination is not generally motion to dismiss territory." *Homeyer v. Stanley Tulchin Assocs., Inc.*, 91 F.3d 959, 962 (7th Cir. 1996) (finding that the trial court's dismissal of plaintiff's ADA failure to accommodate claim because it did not consider allergies to be a disability was premature at the motion to dismiss stage).

Whether Ms. Jones meets the definition of a "qualified individual with a disability" is not for the Court to decide at this stage, but the Court disagrees with Mister P that Ms. Jones's allegations are mere conclusory statements. She has specifically alleged that she suffered from pregnancy-related complications, that her doctors imposed restrictions on her ability to lift, that she advised Mister P of the restrictions, and that Mister P refused to accommodate her. These allegations are sufficient at the motion to dismiss stage to allege a failure to accommodate claim under the ADA.

ii. *Disparate Treatment*

A claim for disparate treatment under the ADA "requires proof that: (1) the plaintiff was disabled; (2) the plaintiff was otherwise qualified to perform essential functions with or without reasonable accommodation; and (3) disability was the 'but for' cause of the adverse employment action." *Castetter v. Dolgencorp, LLC*, 953 F.3d 994, 996 (7th Cir. 2020) (citing *Scheidler v. Indiana*, 914 F.3d 535, 541 (7th Cir. 2019)).

Ms. Jones alleges that she was disabled due to pregnancy-related complications, that she was qualified to continue working at Mister P, and that she was terminated due to her disability. [Filing No. 1 at 4-5.] This is all she must do at the motion to dismiss stage.

Because the Court finds that Ms. Jones exhausted her administrative remedies as to her ADA discrimination claim for a failure to accommodate and disparate treatment, and since she has adequately alleged that claim, Mister P's Partial Motion to Dismiss as it relates to her ADA discrimination claim is **DENIED**.

### 3. *Retaliation Claim (Count IV)*

In support of its Partial Motion to Dismiss, Mister P argues that Ms. Jones did not exhaust her administrative remedies for her retaliation claim because she did not check the box for retaliation in her EEOC Charge. [Filing No. 13 at 10.] It further contends that Ms. Jones fails to state a claim for retaliation under the ADA because she has not alleged that she engaged in a protected activity or that she suffered an adverse employment action. [Filing No. 13 at 12.] It notes that Ms. Jones's allegations in support of her retaliation claim are a restatement of her failure to accommodate claim, and that "[t]he denial of an alleged request for a reasonable accommodation is not itself actionable as retaliation under the ADA." [Filing No. 13 at 12.]

In her response, Ms. Jones argues that she adequately raised her retaliation claim in her EEOC Charge because her allegations in the Charge sufficiently apprised Mister P of the facts upon which her retaliation claim is based. [Filing No. 18 at 4-5.] She also asserts that requesting an accommodation is a protected activity under the ADA and being terminated is an adverse employment action, and that she has alleged both. [Filing No. 18 at 5.]

Mister P reiterates many of its arguments in its reply. [Filing No. 20 at 2-5.]

First, the Court finds that Ms. Jones exhausted her administrative remedies as to her retaliation claim. As with her ADA discrimination claim, Ms. Jones's retaliation claim is "reasonably related" to the charges she set forth in her EEOC Charge, and "reasonably could have

11

been developed from the EEOC's investigation of the charges before it." *Delgado*, 880 F.3d at 926.

As for the sufficiency of Ms. Jones's retaliation allegations, to succeed on a retaliation claim, Ms. Jones must show that: "(1) she engaged in protected activity; (2) she suffered an adverse action; and (3) there was a causal connection between the two." *Wetzel v. Glen St. Andrew Living Comm., LLC*, 901 F.3d 856, 868 (7th Cir. 2018). "A protected activity can include some step in opposition to a form of discrimination protected under the statute, and the employee needs only a good-faith and reasonable belief that the conduct she is opposing is unlawful." *Owens v. Old Wis. Sausage Co., Inc.*, 870 F.3d 662, 668 (7th Cir. 2017). An adverse action in the retaliation context is "one which might well have dissuaded a reasonable worker from engaging in protected activity…." *Robinson v. Perales*, 894 F.3d 818, 830 (7th Cir. 2018).

Ms. Jones does not explicitly state under which law her retaliation claims are based – Title VII or the ADA. The Court reads her retaliation claim as asserted under the ADA, since it is premised on her request for an accommodation for a disability. Typically, an ADA retaliation claim is based on allegations that the plaintiff suffered an adverse employment action in retaliation for filing an EEOC Charge. Here, however, Ms. Jones's ADA retaliation claim is based on her request for an accommodation and her resulting termination.

The Court finds that Ms. Jones's retaliation claim is duplicative of her ADA discrimination claim based on a failure to accommodate. Both claims seek redress for Mister P terminating Ms. Jones's employment after she requested an accommodation under the ADA. *See Pack v. Ill. Dep't of Healthcare & Fam. Servs.*, 2014 WL 3704917, at *4 (N.D. Ill. 2014) (dismissing ADA retaliation claim based on employer's denial of requested accommodation as "duplicative" of ADA failure to accommodate discrimination claim); *Imbody v. C & R Plating Corp.*, 2009 WL 196251,

at *4 (N.D. Ind. 2009) (dismissing ADA retaliation claim that was based on same conduct as failure to accommodate claim, and stating "the mere denial of the accommodation claimed to violate the substantive anti-discrimination provisions of the ADA simply cannot support a retaliation claim"); *Pagliaroni v. Daimler Chrysler Corp.*, 2006 WL 2668157, at *9 (E.D. Wis. 2006) (holding that retaliation claim was duplicative of failure to accommodate claim under the ADA because "almost every failure to accommodate claim would be simultaneously a retaliation claim" and "it was unlikely Congress' intent to provide plaintiffs redundant relief for the same conduct when it established the anti-retaliation provisions of the ADA").

Because Ms. Jones's retaliation claim is duplicative of her failure to accommodate claim, the Court **GRANTS** Mister P's Partial Motion to Dismiss as to that claim.

## IV.
### CONCLUSION

For the foregoing reasons, the Court:

- **GRANTS** Mister P's Partial Motion to Dismiss, [12], as to Ms. Jones's ICRL, Rehabilitation Act, and ADA retaliation claims, and **DISMISSES** those claims **WITH PREJUDICE**;[3]

- **DENIES** Mister P's Partial Motion to Dismiss, [12], as to Ms. Jones's ADA discrimination claims for failure to accommodate and disparate treatment.

---

[3] Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend its complaint once as a matter of course in response to a motion to dismiss. *Brown v. Bowman*, 2011 WL 1296274, *16 (N.D. Ind. 2011). The 2009 notes to that rule emphasize that this amendment "will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided and will expedite determination of issues that otherwise might be raised seriatim." Ms. Jones did not amend her Complaint in response to Mister P's Partial Motion to Dismiss. The Court is not required to give her another chance to plead her claims because she has already had an opportunity to cure deficiencies in her pleadings and failed to do so in a timely fashion. *See Emery v. American General Finance, Inc.*, 134 F.3d 1321, 1323 (7th Cir. 1998). Further, the Court is not convinced that Ms. Jones could, in fact, successfully amend her Complaint to cure the defects identified above, even if given the opportunity to do so. Accordingly, the Court, in its discretion, dismisses Ms. Jones's ICRL, Rehabilitation Act, and ADA retaliation claims with prejudice.

No partial final judgment shall issue. The following claims shall proceed:

- Sex discrimination under Title VII (Count I);

- Pregnancy discrimination under Title VII (Count II); and

- Disability discrimination under the ADA for a failure to accommodate and disparate treatment (Count III).

Date: 6/16/2021

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**